**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARSHARAN KAUR MANN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | Nos.  07-71106<br>      07-72712<br><br>Agency No. A078-371-269<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Harsharan Kaur Mann, a native

and citizen of India, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing her appeal of an immigration judge's decision denying

her application for asylum, withholding of removal, protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), cancellation of removal, and of the denial of her first motion to reopen in petition No. 07-71106, and of its order denying her second motion to reopen in petition No. 07-72712. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and for an abuse of discretion motions to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review in No. 07-71106, and we deny the petition for review in No. 07-72712.

With respect to petition No. 07-71106, the evidence does not compel the conclusion that Mann established changed or extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 208.4(a)(4), (5). Accordingly, Mann's asylum claim fails.

Substantial evidence supports the BIA's conclusion that the threats and harassment Mann's family suffered in India did not rise to the level of past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Further, substantial evidence supports the BIA's conclusion that Mann failed to establish she is a member of a particular social group. *See Ochoa v. Gonales*, 406 F.3d

1166, 1170 (9th Cir. 2005) (a social group must be narrowly defined).

Accordingly, her withholding of removal claim fails.

Substantial evidence also supports the BIA's conclusion that Mann failed to establish that it is more likely than not she would be tortured if returned to India. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

We lack jurisdiction to review the agency's discretionary determination that Mann failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003).

The BIA did not abuse its discretion in denying Mann's first motion to reopen because it considered the new evidence presented regarding her daughter's medical condition and acted within its broad discretion in determining that it was not material because her condition was not severe or that she could not receive treatment in India. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material"); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

07-71106

With respect to petition No. 07-72712, the BIA did not abuse its discretion in denying Mann's second motion to reopen as numerically barred, *see* 8 C.F.R. § 1003.2(c)(2).

      **No. 07-71106**      **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

      **No. 07-72712**      **PETITION FOR REVIEW DENIED.**